### ELI STILSON v. CHARLES GIBBS.

*Property levied on to be sold as taken.*

A sheriff was sued for acts of his deputy in enforcing an execution The execution was introduced as part of the plaintiff's case. *Held* that the sheriff's right to show that it issued on a valid judgment followed as of course.

An officer has no authority for threshing wheat he has levied upon in the mow, before selling it.

An officer who is sued on the ground that he exceeded his authority is not to be presumed to have been justified by extraordinary circumstances, but has the burden of showing the necessity of his action.

Where an officer, by abuse of his authority, renders himself technically liable as trespasser *ab initio*, and is sued therefor, the jury may nevertheless in their discretion limit the award of damages to the plaintiff's actual injur ·.

If an officer with an executi n mi uses the property levied upon, he is liable ·to the execution uebtor therefor, and possibly to the creditor also, if the sale on the execution fails to satisfy the judgment.

Error to Kalamazoo. Submitted November 21, 1878. Decided January 8, 1879.

TRESPASS on the case. Plaintiff brings error.

*Edwards & Sherwood* for plaintiff in error.

*Brown, Howard & Roos* for defendant in error. An officer levying execution can exercise discretion as to the time, manner, and place of sale. Herman on Executions, pp. 210, 211; *Drake v. Mooney*, 31 Vt., 617; *State v. Morgan*, 7 Ired. (N. C. L.), 387; *Jones v. Lewis*, 8 Ired. (N. C. L.), 70; *Penhallow v. Dwight*, 7 Mass., 34; *Whipple v. Foot*, 2 Johns., 418; Com. Dig. "Execution" C., 4; *Poole's Case*, 1 Salk., 368.

COOLEY, J. The grievance alleged by the plaintiff in this case is that the defendant took from his possession his crop of wheat, then harvested and in the mow in his barn, and proceeded to thresh the same with an imperfect machine, whereby much of it was wasted, and that he carried away the remainder without leaving sufficient for six months' provision for the plaintiff and his family. When the proof was introduced it appeared that the alleged wrong was the act of one Montague, a deputy of the defendant, who was then sheriff of the county of Kalamazoo, and that what Montague did was under the

pretended authority of an execution. No defect in the execution appears, or in the judgment on which it was issued. Objection was made by the plaintiff to their being received in evidence, but as he only connected the defendant with the wrong by showing that Montague acted as defendant's deputy, the execution came in as a part of his own case, and the right of the defendant to show that it issued on a valid judgment followed as of course.

Two questions of fact and one of law were contested on the trial. The questions of fact were whether the wheat was wasted in threshing, and whether the defendant was allowed his statutory exemption of sufficient of the wheat for the provision of his family for six months. Both of these were submitted by the circuit judge to the jury, and were found against the plaintiff.

The question of law was whether Montague had a right to thresh the wheat at all. Montague claimed a right to thresh it under his discretionary authority to put it in the best condition for sale before exposing it at auction under his execution. It appeared that after he threshed it he did sell it at public auction and apply the proceeds.

It is conceded that the officer has a large discretion in determining the time, place and manner in which he shall offer for sale the property levied upon by him; but there is no authority for saying that he may levy on wheat in the mow and proceed to fit it for market before disposing of it under the command of his writ. One reason is that it cannot be supposed necessary; for the value of grain in the sheaf can be estimated with a reasonable degree of accuracy, and the parties concerned are as likely to gain as to lose by exposing it to sale in that condition. But a more important reason is, that the power to proceed and expend money in threshing the grain at the debtor's expense is one liable to great abuses, and cannot be admitted without conceding the principle that the officer may go as far as he may deem important

or may choose in preparing the wheat for market before making sale. If he may thresh it, why may he not also grind it, or even manufacture it into bread, if in his opinion any thing may be saved for the parties by so doing? Or why, when he levies on land, may he not proceed to beautify it if thereby he believes he may add to its market value far beyond what he would expend? The principle once admitted has no limits whatever except in the officer's unbridled discretion.

It is said for the defense that it is conceivable that circumstances may arise which would render threshing necessary; and this being so, the discretion to act in the possible emergency must be admitted; and if once admitted, it must be supposed that the officer found such a necessity in this case. But we are not prepared to admit either the premise or the conclusion. When circumstances arise which make the case so very extraordinary, we think the officer must show them. General rules cannot be made for unexpected and wholly exceptional cases.

The plaintiff claimed that the defendant wholly lost the protection of his writ when he proceeded to an unauthorized sale. This position goes to the question of damages only, and must be left to the jury. Though the threshing was a technical trespass, we do not think the jury are under obligation to award to the plaintiff more damages than he has suffered merely because the officer in good faith has exceeded his authority. If they believe the officer has acted in bad faith, they will no doubt award damages with that fact in view.

It is suggested by counsel for defendant in error that, admitting his liability, the cause of action must arise in favor of the plaintiff in execution, and not in favor of this plaintiff, since presumptively it must be the former who must lose by any sacrifice of property in bringing about a sale. Possibly the plaintiff in execution might have a right of action for such a sacrifice if

his judgment was not fully satisfied by the sale which was made, and possibly the officer might in such a case incur a liability to two suits, but there is nothing to show that in this instance he did so. It is quite consistent with all that appears in the record that the execution plaintiff may have been privy to all the officer's proceedings, advising and consenting thereto, so as to be a joint wrong-doer with him instead of being in a position to complain of his conduct. If in fact he was not consenting and was injured, his case can be considered when his complaint is made; the right of the defendant in execution to some remedy for an unlawful sacrifice of his property is manifest, and if he was solvent so that a new execution might be enforced against him, he would be the only party who could suffer more than nominal damages.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.