In the Matter of the Estate of ANTONINO MODAFFERI, Deceased.

Surrogate's Court, Kings County, July 29, 1940.

*Sidney Jacobi* [*Abraham H. Saul* of counsel], for Catherine Modafferi, as administratrix, etc., petitioner.

*William C. Chanler, Corporation Counsel* [*Matthew Silverman* and *Vincent T. Serra* of counsel], for William Hodson, commissioner of welfare of the city of New York, claimant.

*Vincent Rollo*, for Antonino Modafferi and Pasquale Modafferi, attorney in fact for Frances Modafferi, distributees.

*Joseph E. Keenan*, special guardian for John Modafferi and Rose Modafferi, infant distributees.

WINGATE, S.  On the language of sections 125 and 128 of the Public Welfare Law there can be no question respecting the liability of this estate for the relief granted to the son and grandsons of the decedent.  His current earnings are wholly immaterial in this connection.  The statute declares his responsibility " if of sufficient ability."  The only reasonable interpretation of the quoted phrase is that such liability exists, if the cash and property available to him is adequate to permit payment.  Any other construction would permit a millionaire who chose to allow his funds to lie idle and who was not employed, to escape liability while holding responsible a person with no capital assets but earning meagre wages.  Here the decedent admittedly possessed property in cash and real estate worth more than $14,500.  Unquestionably, he was possessed of " sufficient ability " to ward off starvation from his descendants, which would, perhaps, have occurred had the public authorities not intervened.

As between such authorities and the estate, the claim is valid and will be allowed in its entirety.

A further question, however, arises in the adjustment of the particular part of the estate funds from which the payment is to be made. The recipient of the relief was primarily liable therefor and it is merely by reason of his lack of ability to pay that the claim is prosecuted against the estate. " Any public relief received by such person shall constitute an implied contract " for its repayment. (Pub. Welfare Law, § 128.)

Had the city chosen to wait until the son received his distributive share of the estate before presenting its claim, it could have recovered the payments from these funds. Its contrary election cannot alter the equities of the situation. It is accordingly determined that whereas the estate is liable to the commissioner of public welfare in the first instance, that it will, upon payment, be subrogated to his claim which it will be at liberty and under obligation to set off against the distributive share of the son to whom the relief was paid.

Enter decree on notice in conformity herewith.