In the Matter of the Estate of MICHAEL J. BARRY, Deceased.

Surrogate's Court, New York County, December 9, 1940.

*Delaney, Myles & Wormser* [*Michael J. Kiely, Jr.*, of counsel], for the petitioner.

*Lester C. Gelinas*, for the objectant.

*William C. Chanler, Corporation Counsel* [*Matthew Silverman* and *Vincent T. Cerra* of counsel], for William D. Hodson, commissioner of welfare, claimant.

*George V. Grainger*, for Rev. Louis Hlobil, legatee.

*William J. O'Shea*, for Rev. F. J. Routh, legatee.

*Raymond A. McCourt*, for the Catholic Mission Society of America, Inc., legatee.

FOLEY, S. Disposition of the issues in this contested accounting proceeding is made as follows:

(1) The claim of the commissioner of welfare of the city of New York in the sum of $1,194.28 is allowed. The surrogate specifically holds that the estate of the deceased husband is liable for the amount of home relief paid to the wife during the period of her marriage, plus the expenses of administration. (Pub. Welfare Law, §§ 125, 128.)

The contention of certain of the parties that the claim for the restitution of the relief moneys should be charged exclusively against the pecuniary share of the wife is overruled because of the special circumstances of this case. The husband was under the legal obligation and duty to support her. He suppressed from his wife and from the welfare authorities the fact that he had a substantial account in a savings bank. He suppressed from the welfare authorities the fact of his marriage and permitted the relief payments to be made to the wife by the city, where, if the true facts were known, they would have been stopped. While the wife was not entirely guiltless, I am convinced she was imposed upon and coerced by the husband into the continued receipt of the relief. If the decedent had neglected to provide his wife with the neces-

saries suitable to their condition, personal funds expended by her proportionate to his pecuniary ability could have been recovered by her in an action in equity in his lifetime. " The plainest principles of justice require that a wife should have some adequate legal redress upon such a state of facts." (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460.) For similar reasons a recovery may be enforced against his estate after his death. (*Matter of Black*, 150 Misc. 433; *Matter of Reich*, 138 id. 823; *Matter of Kiley*, 132 id. 582.) Again, under the circumstances here, if the wife had been compelled to restore the relief moneys to the municipal authorities in the first instance, she could have secured reimbursement out of his estate. In any event the obligation to support her was placed upon him by law and the claim for reimbursement asserted by the commissioner of welfare must be allowed as a general debt of his estate. It may not be charged directly against the distributive share of the wife.

The facts here are distinguishable from those in *Matter of Modafferi* (174 Misc. 789). There the claim for recovery of relief moneys was primarily allowed against the estate by Mr. Surrogate WINGATE. The relief moneys had been paid by the welfare authorities to the son of the decedent who was a distributee, and the estate was held to be entitled to the right of subrogation as against the son, and to set off the claim against his share. The son was an adult and the father was under no legal duty to support him. The primary liability of the estate only arose because of the provisions of sections 125 and 128 of the Public Welfare Law which fixed the responsibility for restitution upon a parent " if of sufficient ability." The determination in that case, therefore, has no pertinency to the facts here where the relationship was that of husband and wife.

(2) The claim for reasonable funeral expenses is allowed in the amount requested. Under such allowance the balance payable, including disbursements, is the sum of $265.

(3) The claim of the widow is allowed in the sum of thirty-five dollars.

Submit decree on notice settling the account accordingly.