In the Matter of the Estate of DAVID KASNER, Also Known as HAIMON D. KASNER and HAIMAN KASNER, Deceased.

Surrogate's Court, Kings County, February 19, 1941.

*Samuel T. Michaelson*, for Max S. Kasner, as administrator, etc., petitioner.

*William C. Chanler, Corporation Counsel* [*Matthew Silverman* and *Vincent T. Cerra* of counsel], for William Hodson, commissioner of welfare of the city of New York, claimant.

*D. George Levine*, for Daisy Smith, distributee.

WINGATE, S. The pertinent facts respecting the present claim of the commissioner of welfare of the city of New York are conceded. The intestate was the father of Daisy Smith and the grandfather of Marilyn Smith. The former was married to Howard Smith. Between March 14, 1935, and November 27, 1939, the department of welfare of the city of New York granted home relief to these three persons, in an aggregate total of $2,978.13, of which $1,909.24 represented payments to or on behalf of the daughter and granddaughter of the deceased. During this period, the deceased, upon whom no one else was dependent for support, owned bank accounts in excess of $10,000 in amount and real property appraised for estate tax purposes at $7,180.

Of course there is, and can be, no doubt respecting the liability of this estate to pay for the relief thus extended to the child and grandchild of the decedent. Section 125 of the Public Welfare Law (as amd. by Laws of 1936, chap. 426) provides in part that " the husband, wife, father, mother, grandparent, child or grandchild of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person." To this, section 128 (as amd. by Laws of 1936, chap. 463) adds that " a public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief."

These enactments have been liberally construed with the result that parents have been compelled to pay for support of adult children even though not residing with them (*Betz* v. *Horr*, 276 N. Y. 83. 86; *Fagal* v. *Reger*, 247 App. Div. 853; *Matter of Modafferi*, 174 Misc. 789), and a like obligation of a grandparent in respect of a grandchild has been determined to be primary as between him and the public (*Matter of Calhoun* v. *Calhoun*, 256 App. Div. 672).

It follows, therefore, that as against the estate of this decedent, the commissioner of welfare possesses an absolute and unquestionable right to recover for the support furnished to his daughter and granddaughter, amounting to $1,909.34. (*Hodson* v. *Stapleton*, 248 App. Div. 524, 525; *Tolley* v. *Maliswaski*, 159 Misc. 89. 90; *Hodson* v. *Holmes*, 162 id. 226, 227; *Matter of Modafferi, supra*.)

A secondary question thereupon arises as to the source from which the funds necessary to satisfy the claim should be taken, whether from the assets of the estate as a whole, from the distributive share of the daughter or from both. As is indicated in the result attained in *Matter of Modafferi* (*supra*) it is the opinion of the court that this question should be determined in accordance with equitable principles.

So far as concerns the relief furnished to Daisy Smith, the daughter of the decedent, she received it under an implied contract for repayment (Pub. Welfare Law, § 128) upon her acquisition of property adequate for the purpose. (*Matter of Beningaso*, 165 Misc. 459, 463; *Matter of Lang*, 242 App. Div. 781; *Matter of Black*, 150 Misc. 433, 435; *Matter of Trent*, 159 id. 822, 824.) By reason of the death of her father she has now become possessed of an asset from which she is legally and equitably obligated to make such payment. It is accordingly merely right and proper that this asset should be utilized to satisfy her individual primary obligation, and, to the extent necessary for the repayment of the relief which she, herself, received, the estate, upon which merely a secondary, and purely statutory, obligation rests, should be subrogated to the rights of commissioner of welfare.

The relief payments made for the benefit of Marilyn Smith. the granddaughter of the decedent and the daughter of Daisy Smith, stand on a somewhat different footing. In the absence of statute, a mother is under no obligation to support her child. (*Matter of May*, 160 Misc. 640, 641; Id. 497, 498; affd., 255 App. Div. 31, 33; *Matter of Friedlander*, 189 id. 90, 95; *Matter of Bihn*, 171 Misc. 80, 83; *Welch* v. *Welch*, 200 N. Y. Supp. 652, 655 [not otherwise reported]; Butler, New York Surrogate Law and Practice, §§ 1642, 2604.)

Such an obligation is created only by statute, and the presently pertinent statute, as noted, places the obligation indiscriminately upon mother and grandparent alike. Furthermore, it creates no implied obligation for repayment other than by the recipient himself. In view of these facts, it must be deemed that the obligation for payment of the relief furnished to Marilyn Smith was several upon the decedent and Daisy, and not joint. The obligee has seen fit to pursue its right against the decedent and not against the mother and there is no rule of law or morals which will permit the estate to shift its responsibility in this connection to the latter. Since, therefore, Marilyn herself is not a distributee of the estate, it follows that the portion of the claim attributable to her support must be paid from its general assets, whereas the part arising from the relief furnished to Daisy is chargeable against her distributive share.

Since no allocation as between Daisy and Marilyn has been made of the total claim of $1,909.24 it will be necessary either for the parties to stipulate the relevant facts or, if this proves impossible, to set the issue down for further hearing.

Proceed in conformity herewith.