George Frankenthaler, S.
Interest at the rate of 6% per annum is allowed on all surcharges herein except the excess amount of the funeral bill, on which no interest will be allowed. The amount of the settlement with the Department of Welfare of the City of New York is charged against the distributive share of Diana Passalacqua. Costs and disbursements of the object-ants have been taxed, payable out of the estate.
Resubmit decree with computations completed.
(On reargument, May 14, 1956.)
Motion for reargument granted and upon such reargument the court adheres to its original decision. The only issue raised meriting additional consideration concerns the right of the accounting administrators to charge the amount of their settlement with the welfare department against movant’s distributive share.
The estate of a deceased father, having paid a valid claim by the commissioner of welfare for public financial assistance rendered decedent’s adult child and the latter’s minor children during his lifetime, for which the estate was concededly liable (Social Welfare Law, §§ 101,104), may charge this sum against the distributive share of the child (Matter of McClancy, 182 Misc. 866, affd. 268 App. Div. 876, affd. 294 N. Y. 760; Matter of Larkin v. Larkin, 262 App. Div. 868; see N. Y. City Dom. Rel. Ct. Act, §§ 2, 3). In the instant case the welfare department’s claim for relief payments to decedent’s daughter and her children was compromised with court approval at the hearing, over her objection. Objectant contests the validity of this claim on the ground that her father was not liable, and seeks to charge the amount of the settlement against the entire estate, contending that she is not bound thereby. As the person primarily liable, her relation to the estate is that of principal to surety (Matter *869 of McClancy, supra). A surety has the right to be indemnified for payments he is compelled to make (Blanchard v. Blanchard, 201 N. Y. 134), and the estate could clearly set off its payment if the welfare department’s claim had been upheld after a trial (e.g., Matter of Modafferi, 174 Misc. 789). A compromise in open court, giving objectant an opportunity to be heard, approved “for good cause shown ” under section 213 of the Surrogate’s Court Act at a figure amounting to less than one fifth of the city’s original demand, does not deprive this surety of its remedy. The share of the objectant was properly charged with payment of a debt for which she is primarily liable.
Submit order on notice.