John D. Bennett, S.
In this accounting proceeding the claim of the Board of Public Welfare of Nassau County was dismissed *452 in the decision of this court dated February 15, 1962, with leave to file an amended notice of claim. An amended notice of claim has now been filed against the estate in the amount of $6,467.67, representing assistance granted to the daughter of the decedent and the latter’s children through October 26, 1957, the date of the decedent’s death. Also added to the amended claim is a claim in the total amount of $14,566.42 against the interest of the daughter as a distributee of her deceased mother’s estate.
Pursuant to a written stipulation between the attorney for the administratrix and the attorney for the County of Nassau, the claim of the Board of Public Welfare of Nassau County has been compromised in the amount of $559, subject to the approval of this court. The Board of Public Welfare, however, contends through its attorney that the share, if any, of the daughter in this estate is also subject to the claim for assistance rendered directly to her and to her children. The daughter has executed an assignment of any interest she may have in this estate to the extent of $200 for services rendered in another court by the assignee who is an attorney.
Although this estate has assets of only $4,067.20, the problems presented as in many another small estate are in inverse proportion to the size. Total credits of $2,153.51 (including the claims which have been compromised), leave a balance of $1,913.69 subject to commissions of $162.69 and the attorney’s fee. Such fee is fixed in the total amount of $750 for all services rendered, of which $250 has been paid on account, leaving $500 to be paid. The net estate therefore subject to distribution among the six adult children of the decedent is $1,251 or $208.50 to each.
The estate of this deceased mother having now settled the claim with the Board of Public Welfare for public assistance rendered to the decedent’s daughter and the latter’s children during her lifetime, the estate may now charge such sum after its payment against the distributive share of the daughter (Matter of McClancy, 182 Misc. 866, affd. 268 App. Div. 876, affd. 294 N. Y. 760).
In such a case the daughter is primarily liable for the assistance granted, and her relation to the estate is that of principal to surety (Matter of McClancy, supra). That being the case, the surety has the right to be indemnified or reimbursed for payments it is compelled to make.
A similar situation was presented in Matter of Camastro (3 Misc 2d 867), wherein the claim of the Department of Welfare was compromised in open court and approved by the Surrogate for good cause shown under section 213 of the Surro *453 gate’s Court Act. The only other question discussed there by the court was the right of the daughter to contest the settlement of the claim by the estate and the Department of Public Welfare.
Since the estate itself is under the law entitled to be subrogated to the rights of the Board of Public Welfare after settling and paying the claim of the latter, and since the assignee-attorney can take only that interest which the assignor-daughter had to part with, neither the Board of Public Welfare nor the assignee have any right to the distributive share of the daughter. The net estate of $1,251 is consequently distributable in five equal shares among the five children of the decedent exclusive of the daughter.
Accordingly the compromise of the claims pursuant to the written stipulation is approved; the fee of the attorney is fixed as above indicated, and distribution is directed to be made among the five children exclusive of the daughter.