ZAMFIR v ZAMFIR

Docket No. 78-2644. Submitted May 16, 1979, at Detroit.—Decided
　　September 4, 1979.

　　Plaintiff, Monique M. Zamfir, was divorced from her husband,
　　defendant Alexandre Zamfir, in 1974. The divorce decree also
　　divided the property of the parties. In 1976, plaintiff petitioned
　　to modify the divorce judgment, alleging the existence of bank
　　accounts not known to her in 1974. The bank accounts had
　　contained almost $32,000 which defendant had converted to
　　traveler's checks, contrary to an injunctive order of the court.
　　Defendant proceeded to squander all but about $10,000 of the
　　money. Plaintiff sought $15,869.49 (one-half of the concealed
　　amount) plus interest and attorney fees required to discover the
　　assets and represent plaintiff on the petition. The Oakland
　　Circuit Court, John N. O'Brien, J., awarded a total monetary
　　benefit to plaintiff of $5,000 plus $2500 in attorney fees. Plain-
　　tiff appeals. *Held:*

　　　The trial court has wide discretion in a divorce case in
　　dividing the property of the marital estate, and a property
　　award will not be modified by the Court of Appeals unless it is
　　convinced that, had it been in the position of the trial court, it
　　would have reached a different result. The Court felt it would
　　have reached a different result in this case and ordered a
　　change in the division of property.

　　　Reversed and remanded.

1. Divorce — Appeal and Error — Division of Property — Record
　　on Appeal.

　　The record on appeal in a suit for divorce should affirmatively
　　and clearly disclose that a different adjustment of property
　　rights should have been made in order to justify the Court of
　　Appeals in disturbing a trial court's judgment as to what
　　disposition should be made.

References for Points in Headnotes
[1, 2] 4 Am Jur 2d, Appeal and Error § 135.
　5 Am Jur 2d, Appeal and Error § 868.

2. DIVORCE — PROPERTY DIVISION — APPEAL AND ERROR — JUDGE'S
      DISCRETION.
    The trial court has wide discretion in a divorce case in dividing
       the property of the marital estate, and a property award will
       not be modified by the Court of Appeals unless it is convinced
       that, had it been in the position of the trial court, it would
       have reached a different result.

*William H. Dance,* for plaintiff.

*Ralph Musilli,* for defendant.

Before: N. J. KAUFMAN, P.J., and ALLEN, and
K. B. GLASER, JR.,* JJ.

PER CURIAM. These parties were married Octo-
ber 5, 1957, and divorced October 20, 1974. Plain-
tiff received custody of the two minor children.
The property settlement divided the known assets
approximately equally. The plaintiff retained the
marital home for the benefit of the children. When
plaintiff remarries or vacates the home or the last
minor child becomes 18 the home is to be sold.
After deductions of expenses of the sale, plaintiff's
principal payments on the mortgage since the
divorce and a $2,000 credit to defendant, the pro-
ceeds are to be divided equally.

On February 24, 1974, a preliminary injunction
was entered in the pending divorce, requiring
defendant to "desist and refrain from * * * sell-
ing, assigning, encumbering or otherwise disposing
of any of the * * * personal properties of the
parties hereto and more especially * * * the bank
accounts of either or both of the parties hereto,
except as needed for the ordinary course of living".
Defendant had two bank accounts that plaintiff did
not know about, totalling $31,738.97. They were in
defendant's name "in trust" for the children. After

_____
  * Circuit judge, sitting on the Court of Appeals by assignment.

being served with the injunction, defendant withdrew these funds, and converted them to traveler's checks. Defendant gave false answers to interrogatories regarding his bank accounts and a false statement to the trial judge as to "assets", which contributed to the concealment of the accounts. It is not entirely clear whether these false statements were deliberate or not.

On April 26, 1976, plaintiff, having discovered the existence of the accounts, filed a petition to modify the divorce judgment. At the time of hearing, defendant claimed to have $10,000 of the traveler's checks remaining. The remainder he had spent on "slow horses and fast women", to quote his appellate counsel. The trial court awarded plaintiff an additional $3,000 from defendant's share of the home and cancelled defendant's $2,000 credit on sale of the home. The trial judge also awarded $2,500 cash to be paid plaintiff forthwith and $2,500 as attorney fees to plaintiff's attorney to be paid forthwith. Plaintiff appeals from this order, contending she should have received one-half of the concealed amount ($15,869.49) plus interest and attorney fees required to discover the assets and represent plaintiff on the petition. We agree.

The property settlement provisions of the judgment are generally not subject to modification without proof of fraud. *Pierson v Pierson,* 351 Mich 637, 645; 88 NW2d 500 (1958). In this case defendant does not deny fraud, and indeed on this record he could hardly do so. Hearings on such petitions are equitable in nature and are reviewed *de novo, Eigner v Eigner,* 79 Mich App 189, 201; 261 NW2d 254 (1977), and it is our duty to weigh the evidence and reach an independent conclusion, *Jaikins v Jaikins,* 370 Mich 488, 490; 122 NW2d

673 (1963). The Court also recognizes the wide discretion in the trial court in division of property, and that that division need not be equal, *Abadi v Abadi,* 78 Mich App 73, 79; 259 NW2d 244 (1977), and that the record brought here should affirmatively and clearly disclose that a different adjustment of property rights is in order before we undertake a new judgment, *Crooks v Crooks,* 345 Mich 713, 719; 76 NW2d 843 (1956).

However, we find that the record in this case does affirmatively and clearly disclose facts requiring a different division of the concealed bank accounts. We are convinced we would have reached a different result than the trial court. The plaintiff's claim of half the fraudulently concealed assets, under the circumstances of this case, is not only fair, it is generous. In such cases we must revise the trial court's determination. *Simmons v Simmons,* 58 Mich App 480; 228 NW2d 432 (1975). Under these circumstances equity dictates that the plaintiff should recover at least one-half of the fraudulently concealed assets plus interest and the costs of recovery.

The trial court apparently considered only the $10,000 defendant claimed he still had and granted plaintiff considerably less than the $15,869.40 principal which plaintiff was entitled to. In addition, had defendant abided by the injunctive order and disclosed the existence of the funds as he should have, interest would have accumulated to the date of judgment and from that time on. Furthermore, plaintiff would have been paid in dollars unaffected by the inflation of the last five years. It would be unconscionable for a court of equity to permit defendant to retain these profits of his wrongdoing or, at least, to deprive plaintiff of the property to which she was entitled.

Accordingly, the order modifying the original property settlement is vacated in its entirety. The cause is remanded for entry of an order modifying the original property settlement in the following particulars. (1) The plaintiff shall be granted the sum of $2,500 for attorney fees incurred in pursuing the order of modification. This amount shall be payable forthwith. (2) The plaintiff shall be granted an additional $15,869.49 together with interest at six percent per annum (on the entire sum or any unpaid balance thereof) to be computed from February 24, 1974. This amount shall also be payable forthwith. The plaintiff shall have a lien on the defendant's interest in the home for both sums.

The defendant shall receive a credit against his liability to the plaintiff for any amount he has paid and the plaintiff or her attorney has retained in consequence of the order of modification from which this appeal is brought.

Costs to plaintiff.