## GLASS v. DUDLEY PAPER COMPANY.

1. COLLEGES AND UNIVERSITIES—MILK CONTAINERS—PERSONAL INJURIES—JURISDICTION.

Action in circuit court against board of trustees of Michigan State University and others for injuries allegedly received when glass milk container crumbled in plaintiff married woman's hand and injured her was properly dismissed as to defendant university, since the court of claims had exclusive jurisdiction over actions against such defendant board (Const 1908, art 11, § 8; CL 1948, § 691.101 et seq.).

2. COURTS—COURT OF CLAIMS—JURISDICTION—COLLEGES AND UNIVERSITIES.

The court of claims act subjects Michigan State University to its jurisdiction exclusively, constitutes an exercise of the legislature's power to fix jurisdiction of courts inferior to the Supreme Court, and does not constitute an invasion of the power of the board of trustees of the university to entire control of latter's affairs and property, hence, is constitutional (Const 1908, art 7, § 1; art 11, § 8; CL 1948, § 691.101 et seq.).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  55 Am Jur, Universities and Colleges § 31.
Tort liability of public schools and institutions of higher learning. 160 ALR 7.
[3]  14 Am Jur, Costs § 91.

3. Costs—Public Question—Colleges and Universities—Jurisdiction of Court of Claims.

No costs are allowed in tort case against board of trustees of Michigan State University, brought in circuit court, where dismissal is made on ground court of claims had exclusive jurisdiction of such action against the board, a public question being involved (Const 1908, art 7, § 1; art 11, § 8; CL 1948, § 691.101 *et seq.*).

Appeal from Ingham; Hughes (Sam Street), J. Submitted June 9, 1961. (Docket Nos. 35, 36, Calendar Nos. 48,822, 48,823.) Decided December 28, 1961.

Case by Carol Glass against the Dudley Paper Company, a Michigan corporation, Lamb Glass Company, an Ohio corporation, and the State Board of Agriculture for personal injuries sustained March 20, 1957, resulting from the breaking of defective milk container, with a derivative suit by William Glass for medical expense. Actions dismissed as to successor board, Board of Trustees of Michigan State University of Agriculture and Applied Science. Plaintiffs appeal. Affirmed.

Sinas, Dramis, Brake & Werbelow (*Judson M. Werbelow*, of counsel), for plaintiffs.

Anderson, Carr & Street (*Leland W. Carr, Jr.*, of counsel), for defendant board.

Dethmers, C. J. Plaintiffs, husband and wife, sued in the Ingham county circuit court for damages resulting from injuries allegedly sustained by the wife when a glass milk container, purchased from defendant State board, crumbled in her hand. Defendant board moved to dismiss as to it on the ground of lack of jurisdiction in that court, contending that it reposes exclusively in the court of claims. The motion was granted. Plaintiffs appeal.

The question presented is a jurisdictional one. Michigan Constitution of 1908, art 11, § 8, provides that the defendant, the State board of agriculture, now known as "The Board of Trustees of Michigan State University of Agriculture and Applied Science",* "shall have the general supervision of the college, and the direction and control of all college funds". With respect to this and the like constitutional provision relating to the University of Michigan†, this Court has held that they have invested the governing bodies of the 2 universities with the entire control and management of the affairs and property of these institutions, to the exclusion of all other departments of the State government from any interference therewith. *Weinberg* v. *Regents of University,* 97 Mich 246; *Agler* v. *Michigan Agricultural College,* 181 Mich 559 (5 NCCA 897). For discussion of point, see, also, *Peters* v. *Michigan State College,* 320 Mich 243.

It is on the above basis that plaintiffs contend that the legislature could not include the defendant board within the exclusive jurisdiction of the court of claims because this would represent an invasion by the legislature of the board's exclusive right of control of the affairs and property of the university.

It is to be noted that the mentioned constitutional article 11, § 8, in nowise empowers the board to create courts or to confer upon or withhold jurisdiction from any court. On the contrary, article 7, § 1, after establishing certain courts, provides for "such other courts of civil and criminal jurisdiction, inferior to the Supreme Court, as the legislature may establish by general law." That expressly conferred power the legislature exercised in creating the court of claims by the enactment of PA 1939, No 135 (CL 1948, § 691.101 *et seq.* [Stat Ann 1959 Cum Supp

---

* See PA 1959, p 485.—REPORTER.
† Michigan Const 1908, art 11, § 5.

§ 27.3548(1) *et. seq.*]). By that act the legislature conferred exclusive jurisdiction upon the court of claims over "claims and demands", over $100, "against the State or any of its departments, commissions, boards, institutions, arms or agencies". That language is broad enough to include defendant board. In thus conferring exclusive jurisdiction on the court of claims, the legislature has also exercised the power contemplated by Michigan Constitution of 1908, art 7, § 10, which provides that:

"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution *and not prohibited by law."* (Italics supplied.)

By the enactment in question jurisdiction in this matter has become prohibited to the circuit court by law.

To conclude, involved in the jurisdictional question here presented is not the power to control university affairs and property, vested by the Constitution in defendant board, but, rather, the power to fix the jurisdiction of courts inferior to the Supreme Court, vested by Constitution in the legislature. The court of claims act is, therefore, in the respect here considered, constitutional.

Order dismissing is affirmed, without costs, a public question being involved.

KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

CARR, J., did not sit.

OTIS M. SMITH, J., took no part in the decision of this case.