PRICE v PRICE

1. DIVORCE—CHILD SUPPORT—AGE OF MAJORITY—STATUTES—LEGISLA-
   TIVE INTENT.

   The clear intent of the Legislature, as expressed by statute and as
   authoritatively interpreted by decisions of the Supreme Court,
   indicates that there is no right to receive child support pay-
   ments pursuant to a judgment of divorce beyond the age of
   majority (MCLA 552.17a).

2. DIVORCE—CHILD SUPPORT—AGE OF MAJORITY—STATUTES.

   Child support pursuant to a judgment of divorce cannot properly
   be awarded to a child who has reached the age of 18 because
   the Legislature has made an 18-year-old an adult for all pur-
   poses whatsoever, notwithstanding any law to the contrary.
   (MCLA 552.17a, 772.52).

3. DIVORCE—CHILD SUPPORT—AGE OF MAJORITY—STATUTES—COURT
   RULES.

   Court rules may take precedence over statutory language only in
   matters involving judicial rules of practice and procedure;
   therefore, a trial court erred in modifying a judgment of
   divorce and requiring support payments for a child who had
   reached the age of majority despite a court rule providing for
   such support because such an award contravenes the Legisla-
   ture's expressed intent in the statute enabling a circuit court to
   award any support at all. (MCLA 552.17a; GCR 1963, 729.2[1]).

Appeal from Saginaw, Eugene Snow Huff, J.
Submitted Division 3 August 7, 1973, at Lansing.
(Docket No. 15360.) Decided March 4, 1974. Leave
to appeal granted, 391 Mich 838.

Complaint by Carolyn C. Price against Harrison

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 24 Am Jur 2d, Divorce and Separation § 855.
    Power of court in divorce or separation suit to provide for support
    of, or aid to, adult child, or to continue provision for support after
    child attains majority, 162 ALR 1085.

T. Price for divorce. Divorce granted. Motion by plaintiff to amend child support provisions of the judgment of divorce granted. Defendant appeals. Reversed.

*Christ A. Anagnost,* for plaintiff.

*Roger J. Oeming,* for defendant.

Before: LESINSKI, C. J., and DANHOF and BASHARA, JJ.

LESINSKI, C. J. Plaintiff Carolyn Price and defendant Harrison Price were divorced in April of 1967. The judgment required defendant to provide support for the three children until they reached 18 or graduated from high school, whichever came later. Plaintiff's youngest son at age 20 had completed a year at Michigan State University with a satisfactory academic record. He desired to continue his education but was without financial resources.

In August, 1972, plaintiff brought a petition to amend the judgment and require defendant to assist in supporting the youth through college. Defendant, who had assisted with payment of education expenses for his son's first year of college, refused any further aid on the grounds that his son was no longer a minor.

Defendant admitted to a salary of $36,000 per year and repeatedly emphasized that he was not contesting his ability to pay for his son's expenses.

The defendant argued that the new Age of Majority Act, MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.,* terminated at age 18 the power of the circuit courts to order support payments provided by MCLA 552.17a; MSA 25.97(1). The trial judge, relying on GCR 1963, 729.2(1), modified the divorce

judgment and ordered defendant to continue support for his son's college education.

The statute which gives the circuit courts the jurisdiction to order support payments, MCLA 552.17a; MSA 25.97(1), reads as follows:

"The court shall have jurisdiction in making such order or judgment relative to the *minor* children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age." (Emphasis supplied.)

The clear intent of the Legislature, as expressed in this enactment and as authoritatively interpreted by decisions of the Michigan Supreme Court, indicates that there is no right to receive support payments after the age of majority is reached. The statute explicitly provides that the above jurisdiction is "relative to the *minor* children" of the parties. (Emphasis supplied.) The succeeding clauses allowing support for children attaining the age of 18 must be read, then, in the context of *minor* children. When the statute was enacted, it was possible for a minor child to be over the age of 18, since the age of majority was 21.

The reading of the support statute to include only minor children is supported by cases interpreting the statute. In *Titus v Titus,* 311 Mich 434, 437; 18 NW2d 883, 885 (1945), the Court stated:

"If she shall fail to be received into a Michigan college, shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress, the

allowance must thereupon cease, *and shall cease in any case upon her arrival at majority.* (Emphasis supplied.)

The issue was squarely treated in *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216, 220 (1956). The trial judge had awarded support until the child received a college education, at which time she would have been 22. The Court stated that under the above-quoted support statute:

"The trial court went beyond its authority in awarding support 'until that child * * * complete(s) a college education,' as Elizabeth will be nearly 22 before she finishes an average 4-year college course. *The trial court only has authority to grant support until arrival at majority* —majority being 21 years old." (Emphasis supplied.)

The legislative intent regarding support after a child attains the age of 18 is clouded, however, by the passage of the Age of Majority Act in 1971, MCLA 722.52; MSA 25.244(52). This act changed the age of majority from 21 to 18:

"Notwithstanding any other provision of law to the contrary, a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age."

It is probable that the Legislature did not intend through the Age of Majority Act to dictate that all support must cease at age 18 regardless of the "exceptional circumstances" quoted in the support statute. Yet that is the exact effect of the support statute when read in conjunction with the Age of Majority Act. The expression of the legislative

intent that support jurisdiction extends to *minor* children, supported by the above case-law interpretation, makes plain that an adult child is not entitled to support under the statute. Since the Legislature has made an 18-year-old an adult for all purposes whatsoever, *notwithstanding any law to the contrary,* support cannot properly be awarded to a child who has reached the age of 18.

The Supreme Court of Michigan, it would seem, attempted to correct this obvious inconsistency between the two statutes. GCR 1963, 729.2(1) was amended on May 1, 1972, some four months after the Age of Majority Act took effect. The amended rule provides for the "payment of said support for each child until each child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until the further order of the court". This excellent language would clearly place the matter at the discretion of the trial judge, who is in the best position to determine what an "exceptional circumstance" might be.

The problem arises when we attempt to insert the court rule in place of the statutory language. The Supreme Court itself has indicated that court rules may take precedence over statutory language only in matters involving judicial rules of practice and procedure. *Perin v Peuler,* 373 Mich 531; 130 NW2d 4 (1964). This being a matter of the substantive law, the legislative enactment must control. The trial court's reliance on GCR 1963, 729.2(1) to justify an award of support to a child who has reached the age of majority contravenes the Legislature's expressed intent in the statute enabling a circuit court to award any support at all, as interpreted by decisions of the Supreme Court. Until such time as the Legislature sees fit to settle the

inconsistency between the support statute and the Age of Majority Act, we are bound to follow its mandate.

The judgment of the trial court is therefore reversed. Costs to defendant.

All concurred.