PRICE v PRICE

Docket No. 55699. Submitted March 6, 1975 (Calendar No. 14).—
Decided September 8, 1975.

Carolyn C. Price filed a petition in 1971 to modify a judgment of
divorce to provide for the support by Harrison T. Price of their
son, Thomas C. Price, to attend college. The son was 18 years
and 9 months old at that time. The parties made a voluntary
agreement for defendant to pay his son's expenses at college
and the court adjourned the proceedings. In 1972, the father,
although admitting he could afford to continue payments, said
he did not want to. The Saginaw Circuit Court, Eugene Snow
Huff, J., held that the Age of Majority Act, MCLA 722.51 *et
seq.;* MSA 25.244(51) *et seq.,* supplemented by GCR 1963,
729.2(1), gave it the necessary jurisdiction to order defendant to
finance the college expenses of his son. The Court of Appeals,
Lesinski, C. J., and Danhof and Bashara, JJ., reversed (Docket
No. 15360). Plaintiff appeals. *Held:*

1. The Age of Majority Act does not affect obligations which
accrued before January 1, 1972, the effective date of that act.

2. The proceeding in the instant case was pending at the
effective date of the Age of Majority Act and falls within the
saving provision of that act, MCLA 722.54; MSA 25.244(54);
therefore, the circuit court could properly require the divorced
father to pay support for the college education of his son until
that son became 21 years old.

51 Mich App 656; 215 NW2d 756 (1974) reversed.

1. PARENT AND CHILD—AGE OF MAJORITY ACT.

The Age of Majority Act does not affect obligations which accrued
before January 1, 1972, the effective date of that act (MCLA
722.51 *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Infants §§ 1, 3-7.
[2] 24 Am Jur 2d, Divorce and Separation § 832.
59 Am Jur 2d, Parent and Child § 72.
Power of court in divorce or separation suit to provide for support
of, or aid to, adult child, or to continue provision for support after
child attains majority. 162 ALR 1084.

2. DIVORCE—PARENT AND CHILD—COLLEGE EDUCATION—AGE OF MA-
      JORITY ACT—PENDING PROCEEDING.

> A circuit court could properly require a divorced father to pay
> support for the college education of his son until the son
> became 21 years old because a petition to modify the judgment
> of divorce to provide for support of the son to attend college
> falls within the saving provision of the Age of Majority Act as a
> proceeding pending at the effective date of the act where the
> petition was filed on July 20, 1971, the act became effective on
> January 1, 1972, and a hearing was held on the original
> petition on August 1, 1972 (MCLA 722.54).

*Christ A. Anagnost,* for plaintiff.

*Roger J. Oeming,* for defendant.

WILLIAMS, J. This case represents one of those unfortunate instances where the gap between generations becomes so wide, the parties look to the courts to help them bridge it. A father, now divorced from his son's mother, maintains that the Age of Majority Act deeming a person an adult at the age of 18 supports his claim that he does not have to continue paying for the college education of a son whose lifestyle he does not approve.

We hold that the statute does not affect obligations which accrued before January 1, 1972, the effective date of the Age of Majority Act.

## I —FACTS

As a result of the divorce of plaintiff and defendant in 1967, defendant father was ordered to support their three children until each reached the age of 18, finished high school, or until further order of the court. Apparently, there was no problem until July, 1971, when plaintiff filed a petition to modify the judgment of divorce to provide for the support of Thomas C. Price, youngest child and

only son of the parties, to attend college. The son was 18 years and 9 months old at that time.

The parties then made a voluntary agreement for defendant to pay his son's expenses at college and the court adjourned proceedings. Most of these expenses were paid. However, a breakdown in the father-son relationship apparently occurred and the parties were back in court the following year. The father, although admitting he could afford to continue payments, claimed he did not want to, as the son appeared to be adopting a lifestyle he did not approve.

The facts of the familial dispute are not important. The boy had long hair and a beard, professed an interest in environmental courses and playing the guitar and a preference for attending Gunnison University in Colorado where he indicated an inclination to settle. The father was a trustee at Tri-State College in Indiana, was himself an engineer, and had apparently expressed a desire that the son follow in the father's footsteps. Michigan State University, where the son spent his first collegiate year, appeared to be a compromise between the two desires, but, as evidenced by the court proceedings, apparently satisfied neither father nor son.

The legal argument raised by the father was that he could not be required to pay for the support of his son, since the young man was older than 18, and therefore an adult under MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.,* the Age of Majority Act.[1]

---

[1] "Notwithstanding any other provision of law to the contrary, a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, right and legal capacity as persons heretofore acquired at 21 years of age."

The circuit court disagreed and held that the Age of Majority Act supplemented by GCR 1963, 729.2(1)[2] gave it the necessary jurisdiction to order defendant to finance the college expenses of his son.

The Court of Appeals reversed. 51 Mich App 656; 215 NW2d 756 (1974). GCR 1963, 729.2(1), it held, was an attempt to reconcile the Age of Majority Act and MCLA 552.17a; MSA 25.97(1),[3] which grants jurisdiction to circuit courts to order support payments to minor children who are past the age of 18. Deeming it inappropriate to insert a court rule in place of statutory language and contrary to legislative intent that, as of the Age of Majority Act, all support must cease at age 18 "regardless of the 'exceptional circumstances' quoted in the support statute", 51 Mich App 656, 659, it sent a veiled message to the Legislature to "settle the inconsistency between the support statute and the Age of Majority Act". 51 Mich App 656, 660–661. We granted leave to appeal May 30, 1974. 391 Mich 838.

---

[2] ".2 Support Order or Judgment.

"(1) The support order or final judgment shall specify the amount of money ordered for the support of each child, if there is more than 1, and shall provide for the payment of said support for each child until each child reaches the age of majority or graduates from high school, whichever is later, *or, in the case of exceptional circumstances, until further order of the court.*" (Emphasis supplied.)

[3] "The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and *may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age. However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination* on the merits." (Emphasis supplied.) MCLA 552.17a; MSA 25.97(1).

## II —Age of Majority Act

The Age of Majority Act took effect on January 1, 1972. That act, *supra,* fn 1, deems an 18-year-old to be an adult "for all purposes whatsoever". The statute, however, contains a saving clause, which makes the act prospective in effect.[4] It reads:

> *"This act does not impair or affect any* act done, offense committed or *right accruing, accrued or acquired,* or a liability, penalty, forfeiture or punishment incurred *before this act takes effect,* but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed. Such proceedings may be consummated under and in accordance with the law in force at the time the proceedings are or were commenced. *Proceedings pending at the effective date of this act* and proceedings instituted thereafter for any act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred before the effective date of this act *may be continued or instituted under and in accordance with the law in force at the time of the commission of the act, offense committed, right accruing,* accrued or acquired, or liability, penalty, forfeiture or punishment incurred." MCLA 722.54; MSA 25.244(54). (Emphasis added.)

In the instant case, the original petition was filed on July 20, 1971. Although a voluntary agreement resulted which was not part of the record, the circuit court adjourned and a hearing was held on the original petition on August 1, 1972. Thus, this petition, as a proceeding "pending at the effective date of this act", falls within the saving

---

[4] This is consistent with the experience of other states. *See, e.g., Kirchner v Kirchner,* 465 SW2d 299 (Ky, 1971); *Daugherty v Daugherty,* 308 So 2d 24 (Fla, 1975); *Baker v Baker,* 80 Wash 2d 736; 498 P2d 315 (1972); *Shoaf v Shoaf,* 14 NC App 231; 188 SE2d 19 (1972).

provision of the Age of Majority Act.[5] MCLA 722.54; MSA 25.244(54). The circuit court therefore properly required the divorced father to pay support for the college education of his son until that son became 21 years old.[6]

The trial court is affirmed. The Court of Appeals is reversed.

Costs to plaintiff.

LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with WILLIAMS, J.

[5] While our disposition in this case rests upon the applicability of the saving provision, we are also inclined to the view that even after the effective date of the Age of Majority Act a court may enter an order or amend an order to provide for the college education of a person for whom a support order had been entered before he or she was 18. The Age of Majority Act does not purport to deprive persons between the ages of 18 and 21 of any rights theretofore enjoyed by them, but instead grants to persons of 18 the rights and legal capacities formerly withheld until they were 21. Since a college education has long come within the purview of "exceptional circumstances" recognized by the support statute, *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216 (1956), it would appear that such an order ought to be entirely proper for the period between the ages of 18 and 21 years. Further, to interpret the two statutes otherwise would render nugatory the entire provision concerning "exceptional circumstances" in the support statute.

"Exceptional circumstances" of course, are something more than a perfunctory acceptance of the idea that every young person must go to college. It is taking into consideration matters such as "the child's qualifications and desire to attend college, as well as the [parent's] ability to provide [him or her] with a college education". *Johnson v Johnson,* 346 Mich 418, 426. Such factors as the student's aptitude and motivation to achieve higher education may be properly considered by the trial court, as well as the likelihood of the child's good faith performance. Special needs such as whether the individual may be handicapped mentally or physically or in need of other special training, or whether he or she is particularly gifted, are also relevant. Properly within the purview of the equity powers of the court is an evaluation of the costs of the student's education plans with consideration for travel, quality of education, and particular career aspirations.

If the student "shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress", *Titus v Titus,* 311 Mich 434, 437; 18 NW2d 883, 885 (1945), this may be grounds for changing the support order.

[6] *E.g., Barbier v Barbier,* 45 Mich App 402; 206 NW2d 464 (1973).

T. G. KAVANAGH, C. J., concurred in the result only.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.