PAQUIN v NORTHERN MICHIGAN UNIVERSITY

1. STATUTES—SAME SUBJECT—POTENTIAL CONFLICT—INTERPRETATION.
    Statutes which arguably cover the same subject matter and
    which potentially conflict must be construed to preserve the
    intent and meaning of each, and, where possible, interpreted in
    such a way that neither denies the effectiveness of the other.

2. STATES—STATE UNIVERSITIES—LAW SUITS—COURTS—SUBJECT MAT-
    TER JURISDICTION—COURT OF CLAIMS—MONEY DAMAGES.
    A board of control of a state university may sue or be sued in all
    courts that have jurisdiction over the subject matter of the
    lawsuit; the Court of Claims has exclusive jurisdiction over
    claims for money damages against state instrumentalities
    (MCLA 600.6419; MSA 27A.6419).

Appeal from Marquette, Bernard H. Davidson, J.
Submitted October 4, 1977, at Marquette. (Docket
No. 30448.) Decided November 21, 1977.

Complaint in circuit court by Sylvia Paquin
against Northern Michigan University seeking
damages for breach of contract. Defendant moved
for accelerated judgment claiming the circuit court
lacked subject matter jurisdiction. Motion denied
but case certified for immediate appeal. Defendant
appeals by leave granted. Reversed.

*Wisti & Jaaskelainen* (by *Michael E. Makinen*),
for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 253–256.
[2] 15A Am Jur 2d, Colleges and Universities §§ 38, 39.
    Modern status of doctrine of sovereign immunity as applied to
    public schools and institutions of higher learning. 33 ALR3d 703.

*Miller, Canfield, Paddock & Stone* (by *Thomas P. Hustoles),* for defendant.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. The parties have stipulated to the facts in this case which involves resolution of a potential conflict between two statutes. Contending that the defendant university failed to obtain proper certification for its nursing program thereby preventing her from obtaining credentials necessary for a nursing degree, plaintiff Sylvia Paquin filed a $25,000 damage suit for breach of contract in Marquette County Circuit Court. Defendant university filed its answer and moved for accelerated judgment on the grounds that the Court of Claims had exclusive subject matter jurisdiction of a breach of contract suit against a state instrumentality according to MCLA 600.6419; MSA 27A.6419. Plaintiff responded by arguing that the circuit court had concurrent jurisdiction based on MCLA 390.555; MSA 15.1120(5) which states in part:

"A *board of control* [of a state regional university] is a body politic and corporate. *It * * * may sue and be sued, plead and be impleaded in all the courts in this state * * * .* (Emphasis supplied.)

The circuit judge denied defendant's motion for accelerated judgment since he concluded MCLA 390.555; MSA 15.1120(5) was a more recent legislative enactment and therefore took "precedence" over the older Court of Claims statute. In denying defendant's motion for rehearing, the circuit judge agreed to certify that an immediate appeal, regarding a controlling question of law, would mate-

rially advance the termination of the litigation. GCR 1963, 806.3(1)(a)(ii).

When there is a potential conflict between two statutes arguably covering the same subject matter, they must be construed to preserve the intent and meaning of each and, if possible, interpreted in such a way that neither denies the effectiveness of the other. *People v Buckley,* 302 Mich 12, 22; 4 NW2d 448 (1942), concurring opinion of Justice WILLIAMS in *Council No 23, Local 1905, AFSCME v Recorder's Court Judges,* 399 Mich 1, 10–11; 248 NW2d 220 (1976), citing his opinion in *Borden, Inc v Department of Treasury,* 391 Mich 495, 523; 218 NW2d 667 (1974).

Each party argues that the two statutes can be construed to give full effect to both. The plaintiff argues the statutes are not inconsistent since they merely confer concurrent jurisdiction on the circuit courts and the Court of Claims. The defendant argues that the "all the courts" language of MCLA 390.555; MSA 15.1120(5) should be construed to mean all courts with proper subject matter jurisdiction.

We agree with the defendant and reverse the trial court's denial of defendant's motion for accelerated judgment. For a number of reasons we conclude MCLA 390.555; MSA 15.1120(5) merely empowers a university board of control to sue or be sued in any court with appropriate subject matter jurisdiction. Since the Court of Claims has exclusive subject matter jurisdiction over a money damage claim against a state instrumentality, the circuit court is not a court with proper subject matter jurisdiction over plaintiff's claim.

We begin with an examination of the statutory purpose of MCLA 390.555; MSA 15.1120(5). In general, the statutory framework governing state

colleges and universities is found in Chapter 390 of Michigan Compiled Laws. As instrumentalities of the state, each college or university is created and granted powers and duties by specific statutory sections. Having been established at different times in the history of the state, each college and university is governed by separate sections with varied language and organization. Basic to most colleges and universities is a section which confers powers and duties for running the institution on a controlling board (whether called a board of trustees, board of regents, board of control or board of governors). Generally, in conferring powers and duties on the board, the Legislature has included the right to "sue and be sued".[1]

Defendant Northern Michigan University, as one of the four regional universities, is covered by MCLA 390.551 et seq.; MSA 15.1120(1) et seq. The object of the statutory sections dealing with the regional universities is set forth in the title:

"AN ACT to provide for the continuation of Central Michigan university, Eastern Michigan university, Northern Michigan university and Western Michigan university; and to provide for the organization, powers and duties of their boards of control; and to repeal certain acts and parts of acts."

It is readily apparent that the purpose of the legislation is to provide for the continuation of the universities and to confer powers and duties on the respective boards of control. Within this statutory framework is MCLA 390.555; MSA 15.1120(5):

[1] See e.g., MCLA 390.4; MSA 15.904; (University of Michigan), MCLA 390.391; MSA 15.1852(101), (Lake Superior State College), MCLA 390.641; MSA 15.1350(1), (Wayne State University), MCLA 390.711; MSA 15.1852(51), (Saginaw Valley State College), MCLA 390;841; MSA 15.1852(1), (Grand Valley State College).

"A board of control is a body politic and corporate. It may purchase, have, hold, possess and enjoy to itself and its successors all the real and personal property of every kind now belonging to its respective institution or hereafter acquired by it and may grant, alien, invest, sell and dispose of the same; may sue and be sued, plead and be impleaded in all the courts in this state; and may have, alter and use a seal."

Unlike the analagous statutes governing other colleges and universities,[2] this provision adds "all the courts" language to the typical "sue and be sued" language. For the following reasons, the "all the courts" language cannot be read literally.

First, we must place MCLA 390.555; MSA 15.1120(5) within the context of the overall statutory scheme governing institutions of higher education and within the context of the title of the act governing regional universities. The clear thrust of the statute is to confer power on the boards to sue and be sued and not to confer power or jurisdiction on the courts of this state. Neither the location in the statutory scheme nor the title of the act gives the slightest clue that the Legislature intended this section to modify or expand the jurisdiction of Michigan courts.

Secondly, to allow Northern Michigan or any other regional university to be sued for damages in circuit court would carve out an irrational exception to the exclusive jurisdiction of the Court of Claims in a like suit against the University of Michigan, Michigan State University, Wayne State University or any other state college or university. See, *Fox v Board of Regents of the University of Michigan,* 375 Mich 238, 241; 134 NW2d 146 (1965), *Glass v Dudley Paper Co,* 365 Mich 227, 229–230; 112 NW2d 489 (1961), *Kiluma v Wayne*

---

[2] *See* fn 1, *supra.*

*State University,* 72 Mich App 446, 450; 250 NW2d 81 (1976). There is no justification whatever for allowing the regional universities to sue or be sued in circuit court when any other college or university is limited to the exclusive jurisdiction of the Court of Claims.

Thirdly, and perhaps most persuasively, the logical extension of plaintiff's interpretation of the "all the courts" language would confer jurisdiction on probate courts or district courts. It cannot be seriously contended that plaintiff would be entitled to bring her $25,000 damage claim in a probate or district court. Courts construe statutes to avoid an absurd result. *Dossin's Food Products, Inc v State Tax Commission,* 360 Mich 312, 315; 103 NW2d 474 (1960). Therefore, to avoid an absurd result, we construe the "all the courts" language to mean all the courts with proper subject matter jurisdiction.

To summarize, we conclude that MCLA 390.555; MSA 15.1120(5) governs the powers of boards of control, not the powers of state courts, and that the use of the "all the courts" language merely indicates a board of control may sue or be sued in all courts with jurisdiction over the subject matter of the lawsuit. Since plaintiff's claim is for money damages against a state instrumentality, the Court of Claims has exclusive jurisdiction. MCLA 600.6419; MSA 27A.6419.

This construction gives full effect to both statutes and avoids the absurd result which would be reached if the "all the courts" language was construed literally.

The trial court's denial of defendant's motion for accelerated judgment is reversed. No costs, statutory construction being involved.