GARRETT v GARRETT

Docket No. 53930. Submitted May 7, 1981, at Lansing.—Decided July
    28, 1981.

    Plaintiff, Winifred T. Garrett, and defendant, Glenn W. Garrett,
were divorced in 1973. A modified judgment of divorce was
subsequently entered on March 28, 1974, requiring defendant
to support a minor daughter until she reached the age of 18
years or finished high school, whichever event occurred later,
or until further order of the court. On November 14, 1979,
plaintiff filed a petition in Genesee Circuit Court to amend the
judgment of divorce, seeking an order directing the defendant
to continue support and maintenance to enable his daughter to
obtain a college education. At that time, the daughter was over
18 years of age. Defendant moved for dismissal. The motion
was granted based upon a perceived lack of subject-matter
jurisdiction, Thomas C. Yeotis, J. Plaintiff appeals. *Held:*

    The trial court was correct in denying the petition for modifi-
cation on jurisdictional grounds. Although, as plaintiff con-
tends, the divorce proceeding in this case was instituted in
1971, prior to the effective date of the Age of Majority Act, the
question of postmajority support was not raised until after the
effective date of the act. The savings provision of the act, under
which prior orders for such support were upheld, is unavailable
as a basis to vest the lower court with subject-matter jurisdic-
tion to hear plaintiff's petition.

    Affirmed.

DIVORCE — CHILD SUPPORT — POSTMAJORITY SUPPORT — AGE OF
    MAJORITY ACT — STATUTES.

    A trial court does not have subject-matter jurisdiction to hear a
petition to amend a divorce judgment in which child support
for a person over 18 years of age is sought where the divorce,
although instituted prior to the effective date of the Age of
Majority Act, was not granted until after the effective date of
the act, there was no voluntary stipulation entered providing
for postmajority support and the question of postmajority sup-

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 855.

port was not pending at the effective date of the act (MCL 722.51 *et seq.;* MSA 25.244[51] *et seq.).*

*McAra & George,* for plaintiff.

*William J. Priehs,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

M. J. KELLY, P.J. Plaintiff filed a complaint for divorce on September 29, 1971. The judgment of divorce was entered on December 3, 1973. A modified judgment of divorce was subsequently entered on March 28, 1974, requiring the defendant-father to support a minor daughter until she reached the age of 18 years or finished high school, whichever event occurred later, or until the further order of the court.

On November 14, 1979, plaintiff filed a petition to amend the judgment of divorce seeking an order directing the defendant-father to continue support and maintenance for his daughter to enable her to obtain a college education. At that time, the daughter was 18 years and 7 months old. The hearing on plaintiff's petition was held on August 7, 1980. The trial court granted a defense motion for dismissal based upon a perceived lack of subject-matter jurisdiction. From that decision this appeal is taken as of right.

In this appeal, plaintiff submits a single issue. It is alleged that under the facts of the case the trial court erred in granting defendant's motion to dismiss because the trial court had subject-matter jurisdiction pursuant to MCL 552.17a; MSA 25.97(1). We affirm.

Plaintiff's reliance upon *Price v Price,* 395 Mich

---

* Circuit judge, sitting on the Court of Appeals by assignment.

6; 232 NW2d 630 (1975), and *Charlton v Charlton,* 397 Mich 84; 243 NW2d 261 (1976), is misplaced. In *Price,* the Supreme Court construed the petition for modification as pending on the effective date of the Age of Majority Act, MCL 722.51 *et seq.; MSA* 25.244(51) *et seq.,* thus placing the petition within the act's savings clause. MCL 722.54; MSA 25.244(54). The Court's decision in *Charlton* is subject to a similar characterization since that appeal involved an objection to the support provisions in the parties' original judgment of divorce. Because the plaintiff's complaint for divorce was filed in late 1971, prior to the Age of Majority Act's effective date, the Court held the proceedings also to be within the act's savings provision. The importance of this distinction was recently summarized in *McNames v McNames,* 93 Mich App 477, 481; 286 NW2d 892 (1979), a case bearing substantial factual similarity to the instant dispute:

"It should also be noted that in *Price* the Supreme Court made specific reference to a prior voluntary agreement to continue support between the parties. We deem this to be of significance because, *in our review of those reported cases where support was allowed to be continued, we have noted that in each there was either a prior agreement (Price, supra), or some form of reservation for future support in the original judgment of divorce, Barbier v Barbier,* 45 Mich App 402; 206 NW2d 464 (1973), *Milbrand v Milbrand,* 66 Mich App 730; 239 NW2d 730 (1976). See also Anno: *Statutory Change of Age of Majority as Affecting Pre-Existing Status or Rights,* 75 ALR3d 228, especially § 7, pp 256-259.

"Here, there was neither an agreement nor any reservation for future support beyond age 18. Further, as in *Allen v Allen,* 63 Mich App 475; 235 NW2d 22 (1975), the instant petition was filed well beyond the effective date of the Age of Majority Act. We therefore conclude that the trial court was without authority to

extend support in this case. We deem this result not necessarily desirable, but required." (Emphasis added.)

See also *Wagner v Wagner,* 105 Mich App 388; 306 NW2d 523 (1981), quoting the same passage but contrasting *McNames* on the basis that, in *Wagner,* a voluntary stipulation was entered providing for postmajority support.

In this case, the question of postmajority support was not raised prior to the Age of Majority Act's effective date. Thus, the savings provision of the act, under which prior orders for such support were upheld, is unavailable as a basis to vest the lower court with subject-matter jurisdiction to hear the plaintiff's petition. We conclude, therefore, that the trial court was correct in denying the petition for modification on jurisdictional grounds.

Affirmed.