PAASO v PAASO

Docket No. 99584. Submitted December 8, 1987, at Lansing. Decided
     August 15, 1988.

Plaintiff, Charlcs A. Paaso, and defendant, Candice R. Paaso,
     were granted a consent judgment of divorce in 1982 by the
     Livingston Circuit Court and were awarded joint custody of
     their minor child, Scott, who was then thirteen years old. The
     sole support provision contained in the judgment provided that
     defendant would not be responsible for the support of Scott, but
     did not indicate who would be responsible. Plaintiff financially
     supported Scott and sent him to a private high school in Ohio.
     In 1986, Scott left school and began living with his maternal
     grandmother. Plaintiff paid the grandmother $500 per month
     for Scott's support. In March, 1987, Scott returned to Michigan
     and began living with defendant, who petitioned the court for a
     change of custody, child support, and attorney fees. The court,
     Stanley J. Latreille, J., issued an ex parte interim order essen-
     tially granting defendant physical custody of Scott and requir-
     ing plaintiff to pay $500 per month in child support pending a
     court hearing on defendant's petition. Plaintiff moved to set
     aside the ex parte order arguing that he was not required to
     pay support for Scott once he reached eighteen years of age on
     April 14, 1987. A hearing was held on March 23, 1987, and the
     court ruled that it had the authority to award child support
     beyond Scott's eighteenth birthday and that it would await a
     Friend of the Court investigation and report on the amount it
     should award in child support. Custody was not disputed. The
     court held enforcement of the ex parte order in abeyance
     pending the Friend of the Court report. On April 13, 1987, the
     court entered its order for child support and confirmed the ex
     parte order. It required plaintiff to pay $500 per month in child
     support until Scott finished high school, the amount to be
     adjusted pursuant to the Friend of the Court report, and issued
     a memorandum supporting its conclusion that plaintiff could be

REFERENCES
Am Jur 2d, Parent and Child §§ 41 et seq.
Statutory change of age of majority as affecting pre-existing status
     or rights. 75 ALR3d 228.

required to pay support beyond the minor's eighteenth birthday. Plaintiff appealed, arguing that the court lacked jurisdiction to order him to pay child support beyond Scott's eighteenth birthday and erred in issuing its ex parte order.

The Court of Appeals *held:*

1. The child support provision in the original judgment of divorce was defective in that it did not specify the amount of money ordered for the support of Scott. The trial court's granting of defendant's motion brings the judgment into conformity with the court rule on divorce judgments and orders.

2. The Age of Majority Act does not bar the circuit court from requiring plaintiff to pay child support for Scott beyond his eighteenth birthday and until he graduates from high school.

3. The circuit court erred in issuing the ex parte interim order because the order does not comport with the applicable court rule. The error was harmless, however, given plaintiff's later opportunity to challenge the petition.

4. Plaintiff's attempt to challenge the change of custody is rejected. He openly acknowledged at the hearing on the petition that he was not challenging the change in custody.

Affirmed.

DANHOF, C.J., dissented. He would hold that a circuit court has no power to order child support beyond the eighteen-year age of majority. He would reverse.

1. PARENT AND CHILD — CHILD SUPPORT — DIVORCE — COURT RULES.

A child support provision in a divorce judgment must specify the amount of money ordered for the support of each child (MCR 3.209[B]).

2. PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY.

A circuit court pursuant to the child support statute and the court rules has the power to order a parent to pay child support for his or her minor child until the child graduates from high school or reaches eighteen years of age, whichever occurs later; the Age of Majority Act does not preclude an award of child support beyond a child's eighteenth birthday (MCL 552.17a, 722.52; MSA 25.97[1], 25.244[52]; MCR 3.209[B][1][b]).

3. PARENT AND CHILD — CHILD SUPPORT — INTERIM ORDERS — HARMLESS ERROR — COURT RULES.

It is error for a circuit court not to comply with the court rule which sets forth what an interim order for child support must state, but the error is harmless where the party aggrieved by

the order has the opportunity to challenge it and the order is later confirmed by the court following a full hearing on the matter (MCR 3.206[B][3][a]-[d]).

*Parker & Miller* (by *Yvonne G. Gilbert* and *Michael J. Kehoe*), for plaintiff.

*Michael J. Gallagher,* for defendant.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

SHEPHERD, J. Plaintiff appeals a Livingston Circuit Court's post-judgment award to defendant of child support for the maintenance of the minor child of the parties beyond the age of eighteen years, change in physical custody, and attorney's fees on an ex parte basis and after hearing on the merits in an order dated April 13, 1987, as amended April 23, 1987. We affirm.

On July 23, 1982, the court granted a consent judgment of divorce to plaintiff and defendant. Joint custody of the remaining minor child of the parties, Scott Paaso, born April 14, 1969, was ordered. The sole support provision contained in the judgment provides:

> SUPPORT OF MINOR CHILD
> IT IS FURTHER ORDERED AND ADJUDGED, that the Defendant, Candice Rae Paaso, shall not be responsible for the support of the minor child of the parties, Scott Charles Paaso. The above shall be subject to further order, control and provision of this Honorable Court.

Although this provision indicates who is *not* responsible for child support it does not indicate who *is* responsible. Neverthelesss, plaintiff finan-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cially supported Scott, including sending the boy to a private high school in Ohio. In December, 1986, Scott left school and began living with his grandmother, to whom plaintiff apparently paid $500 per month for Scott's support. In March, 1987, Scott returned to Michigan and began living with defendant. On March 5, 1987, while Scott was still seventeen years old, defendant moved for a change of custody, child support, and attorney fees. A hearing was scheduled for March 23, 1987, but in the interim the court issued an ex parte order conforming to defendant's petition on March 10, 1987, essentially granting defendant physical custody and requiring plaintiff to pay $500 per month in child support. Plaintiff answered defendant's motion by seeking to set aside the ex parte order, arguing that he was not required to pay support for Scott once the boy reached eighteen years of age on April 14, 1987.

A hearing on the parties' motions was held on March 23, 1987. Custody was not disputed. The court ruled that it would await a Friend of the Court investigation and report on the amount it should award in child support. The court also ruled that it had the authority to award child support beyond the minor's eighteenth birthday. It held enforcement of the ex parte order in abeyance pending the Friend of the Court report.

On April 13, 1987, the trial court entered its order for child support and confirmed the ex parte order. It required plaintiff to pay $500 per month in child support until Scott finished high school, the amount to be adjusted pursuant to the Friend of the Court report. The court further issued a memorandum supporting its conclusion that plaintiff could be required to pay support beyond the minor's eighteenth birthday. Plaintiff now appeals, arguing (1) that the trial court lacked jurisdiction

to order plaintiff to pay child support beyond the minor's eighteenth birthday and (2) that the trial court erred in issuing its ex parte order.

I

As a preliminary matter, we find that the child support provision in the original consent judgment of divorce, quoted in full above, was defective. The court rule in effect at the time, GCR 1963, 729.2(1), now MCR 3.209(B), required that the judgment "shall specify the amount of money ordered for the support of each child." The provision in the original divorce judgment simply indicates that defendant shall not be responsible for the support of the minor child and has no provision indicating the specific amount required to support the minor or the person required to pay. The trial court's granting defendant's motion in this case brings the judgment into conformity with the rule on divorce judgments and orders. The court rule is mandatory and is designed for the benefit of children. It may not be waived by the parents or the court.

II

The trial court's jurisdiction over child support orders is provided by statute:

The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance

for any child after he attains that age. [MCL
552.17a; MSA 25.97(1).]

Plaintiff argued below and now on appeal that
the Age of Majority Act, MCL 722.51 *et seq.*; MSA
25.244(51) *et seq.*, bars the circuit court from re-
quiring plaintiff to pay child support for Scott
beyond his eighteenth birthday, even though Scott
apparently will not graduate from high school
until June, 1988. The statute provides:

Notwithstanding any other provision of law to
the contrary, a person who is 18 years of age but
less than 21 years of age when this act takes
effect, and a person who attains 18 years of age
thereafter, is deemed to be an adult of legal age
for all purposes whatsoever and shall have the
same duties, liabilities, responsibilities, rights and
legal capacity as persons heretofore acquired at 21
years of age. [MCL 722.52; MSA 25.244(52).]

Plaintiff relies on the case of *McNames v Mc-
Names,* 93 Mich App 477; 286 NW2d 892 (1979),
and its progeny, *Felcoski v Felcoski,* 159 Mich App
762; 407 NW2d 11 (1987); *Arndt v Kasem,* 135
Mich App 252; 353 NW2d 497 (1984); *Boyd v Boyd,*
116 Mich App 774; 323 NW2d 553 (1982); *Garrett v
Garrett,* 108 Mich App 258; 310 NW2d 355 (1981);
*Sumerix v Sumerix,* 106 Mich App 7; 307 NW2d
727 (1981), for support in arguing that the lan-
guage of the jurisdiction statute, taken in conjunc-
tion with the promulgation of the Age of Majority
Act, precludes the trial court from awarding child
support beyond a minor's eighteenth birthday.

In *McNames,* the defendant appealed a lower
court modification of a divorce judgment which
required him to "continue [child support pay-
ments] until each minor child reaches the age of
eighteen, or graduates from high school, whichever

occurs later." That language closely paralleled the court rule then in effect:

> The support order . . . shall provide for the payment of said support for each child until each child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until the further order of the court. [GCR 1963, 729.2(1), now MCR 3.209(B)(1)(b).]

The defendant in *McNames* argued that the Age of Majority Act negated any obligation to support his children beyond age eighteen, especially in view of the fact that the original divorce judgment reserved no right to extend support in the future. This Court agreed. The Court quoted, at length, from *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), rev'd on other grounds 395 Mich 6; 232 NW2d 630 (1975):

> This Court, in *Price, supra,* at 659-661, concluded:
> "It is probable that the Legislature did not intend through the Age of Majority Act to dictate that all support must cease at age 18 regardless of the "exceptional circumstances" quoted in the support statute. Yet that is the exact effect of the support statute when read in conjunction with the Age of Majority Act." [*McNames* at 479.]

We are troubled by such a conclusion. We doubt seriously that the Legislature, in passing the Age of Majority Act, desired that its actions could potentially abrogate financial support for a substantial percentage of the state's high school students. A substantial proportion of high school graduates reach the age of eighteen before matriculation. It is doubtful that the Legislature would have intended for a substantial proportion of high school seniors to go financially unsupported by the

noncustodial parent.[1] Furthermore, we would also have to assume that the Legislature intended to cut off support to some family members before high school graduation, while allowing for the support of others throughout high school, merely on the basis that they turned eighteen before high school graduation. To state these propositions is to state their absurdity.

If a statute is clear and unambiguous the "plain meaning rule" applies and precludes judicial interpretation or construction of the statute. *Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1; 317 NW2d 529 (1982). However, while this proposition is clear, in construing a statute the court "must read the language of the statute in light of the general purpose to be accomplished . . . . Our first task, therefore, is to ascertain the question of legislative purpose." *Wymer v Holmes,* 429 Mich 66, 76-77; 412 NW2d 213 (1987). The self-evident purpose of the child support statute is to ensure financial stability for the children of divorced parents through their formative years. In *Elba Twp v Gratiot Co,* 287 Mich 372, 394; 283 NW 615 (1939), our Supreme Court stated:

> "Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to *some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of the words,* and even the structure of the sentence." [*Elba Twp* at 294 (quoting Endlich on Interpretation of Statutes, § 295, p 399). Emphasis added.]

---

[1] Whether a child graduates before his eighteenth birthday is often the result of a decision made by *both* parents prior to kindergarten as to whether to hold the child back a year for maturation purposes. It is unlikely that the Legislature intended to economically punish one parent for a decision both parents made some twelve years before.

The statute here in question is not "clear and unambiguous" and therefore requires judicial interpretation. It provides for jurisdiction to order child support "until each child has attained the age of eighteen years . . . and may in case of exceptional circumstances" require payments after the child attains that age. What is an "exceptional circumstance" is not plain on the face of the statute.[2] We must look to other sources to discern its meaning in this statutory context.

In *Price* our Supreme Court stated:

> While our disposition in this case rests upon the applicability of the saving provision, *we are also inclined to the view that even after the effective date of the Age of Majority Act a court may enter an order or amend an order to provide for the college education of a person for whom a support order had been entered before he or she was 18. The Age of Majority Act does not purport to deprive persons between the ages of 18 and 21 of any rights theretofore enjoyed by them, but instead grants to persons of 18 the rights and legal capacities formerly withheld until they were 21.* Since a college education has long come within the purview of "exceptional circumstances" recognized by the support statute, *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216 (1956), it would appear that such an order ought to be entirely proper for the period between the ages of 18 and 21 years. Further, to interpret the two statutes otherwise would render nugatory the entire provision concerning "exceptional circumstances" in the support statute. [*Price,* 395 Mich 11, n 5. Emphasis added.]

---

[2] We can find nothing in the Age of Majority Act which explicitly indicates a legislative intent to preclude child support beyond the eighteenth birthday. When interpreting two statutes, which arguably cover the same subject matter, they must be construed to preserve the intent of each and, if possible, interpreted in such a way that neither denies the effectiveness of the other. *Paquin v Northern Michigan University,* 79 Mich App 605, 607; 262 NW2d 672 (1977).

Shortly after the Age of Majority Act was promulgated the Supreme Court adopted the following language in its child support court rule:

> The support order . . . shall provide for the payment of said support for *each child until each child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until the further order of the court.* [GCR 1963, 729.2(1), now MCR 3.209(B)(1)(b). Emphasis added.]

We believe the court rule is consistent with the intent and purpose of the jurisdictional statute, which is to provide for the support of one's child through the formative years. High school graduation is, after all, a common childhood milestone. A high school diploma constitutes the bare minimum qualification for economic opportunity in this increasingly technology-oriented world. It strikes us as absurd, as a literal reading of the two statutes seems to imply, that the Legislature intended to cast the entire economic burden of support on the custodial spouse during the time between a child's eighteenth birthday and high school graduation. The Supreme Court has construed the gap between the eighteenth birthday and high school graduation as an "exceptional circumstance" within the meaning of the jurisdictional statute, as evidenced by its adoption of the court rule shortly after the Age of Majority Act and its dicta in footnote 5 of *Price.* It is possible that the Legislature concluded that a minority of high school students graduate after their eighteenth birthday and that provision for their support would therefore be exceptional. Such a reading of the intent of the jurisdictional statute comports with common sense, sound public policy, and the purpose of the statute, particularly in light of the Supreme Court's adoption of the

court rule and comments in *Price.* In this case, we therefore affirm the trial court's power to order child support beyond the child's eighteenth birthday and until he graduates from high school.

III

Plaintiff next argues that the ex parte order does not comport with the court rule on child support orders. MCR 3.206(B). We agree. The order does not state, contrary to the requirements of the court rule, that the spouse directed to make payments may move to modify or rescind the order, that the motion must be filed within fourteen days of the order, that the court may increase or decrease the amount of the payments at a hearing on the motion, and that a change may be made effective the date the interim order was entered. MCR 3.206(B)(3)(a)-(d). Plaintiff does not challenge the authority of the court to enter an ex parte order in the post-divorce context and therefore that issue is not before us. Nonetheless plaintiff received a full and fair hearing in open court two weeks after the petition was filed. After the hearing, the court entered an order consistent with the original ex parte petition. Given plaintiff's later opportunity to challenge the petition, any error in the issuance of the ex parte order was harmless. The trial court also held the attorney fee payment in abeyance pending a Friend of the Court recommendation. It further confirmed the ex parte order of child support of $500 per month but indicated that the Friend of the Court recommendation may require an adjustment. We therefore find that the failure of the ex parte order to strictly comply with the court rule was error, but harmless. On appeal plaintiff also challenges entry of the ex parte order with regard to the change in custody.

At the hearing plaintiff openly acknowledged that he was not challenging the custody change. The error in entering an ex parte order of change of custody status was thus rendered harmless.

Affirmed.

C. L. BOSMAN, J., concurred.

DANHOF, C.J. *(dissenting).* I respectfully dissent from the majority's conclusion that a circuit court has the power to order child support beyond a child's eighteenth birthday until he or she graduates from high school.

In *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), rev'd on other grounds 395 Mich 6; 232 NW2d 630 (1975), this Court found that the statute which gave circuit courts jurisdiction to order child support payments, MCL 552.17a; MSA 25.97(1), had to be read in conjunction with the Age of Majority Act, MCL 722.51 *et seq.*; MSA 25.244(51) *et seq.* The *Price* Court concluded that all support must cease at age eighteen regardless of exceptional circumstances. Numerous panels of this Court have followed *Price's* reasoning and concluded that a circuit court has no power to order child support beyond the eighteen-year age of majority. See *Felcoski v Felcoski,* 159 Mich App 762; 407 NW2d 11 (1987), and cases cited therein.

I would follow this line of cases and reverse.