BLAKLEY v BLAKLEY

Docket No. 166229. Submitted February 14, 1995, at Lansing. Decided
April 28, 1995, at 9:50 A.M. Leave to appeal sought.

Ricky J. Blakley brought an action in the Lapeer Circuit Court,
seeking a divorce from Sylvia Blakley. The 1978 judgment of
divorce contained a provision that the plaintiff would pay child
support and maintenance of the minor child of the marriage
until the child attained the age of eighteen years or graduated
from high school, whichever occurred last, or until further
order of the court. Both parties and their attorneys signed the
judgment, indicating their approval "as to form and content."
In 1992, the court, Martin E. Clements, J., in considering a
recommendation of the friend of the court that the child
support be increased, ordered the increase, refused to follow the
recommendation that the child support continue until the child
was age nineteen years and six months in accordance with
MCL 552.16a(2); MSA 25.96(1)(2), and ordered that the support
continue until the June after the child's twenty-first birthday,
at which time she would no longer be entitled to continue her
special education classes in New Jersey, where she now lives,
finding that the parties had agreed in the judgment to extend
child support beyond that permitted by statute in accordance
with MCL 552.16a(4); MSA 25.96(1)(4). The defendant appealed.

The Court of Appeals held:

MCL 552.16a(4); MSA 25.96(1)(4) contemplates the existence
of an agreement or of a meeting of the minds. Here, there is no
evidence that the plaintiff was given a choice between the
minimum amount of required support and voluntary support
beyond the minimum. Under the circumstances, his signature
of approval of the form and substance of the judgment does not
evidence a conscious agreement on his part to pay support
beyond the minimum required by law. Accordingly, the trial
court erred in requiring the plaintiff to pay child support
beyond the age of nineteen years and six months.

Reversed.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1022, 1049.

Parent's obligation to support adult child. 1 ALR2d 910.

GRIFFIN, J., dissenting, stated that the trial court's order should be affirmed, because MCL 552.16a(4); MSA 25.96(1)(4) is plain and unambiguous in its intent that the approval of the substance of the judgment itself is proof of an agreement for support. The statute requires nothing more.

DIVORCE — CHILD SUPPORT — SUPPORT BEYOND AGE OF MAJORITY.

Agreement by a party to the form and substance of a divorce judgment that provides for child support beyond the age provided by statute is not by itself sufficient to establish an intent to be bound by an order of support in excess of that required by statute (MCL 552.16a[4]; MSA 25.96[1][4]).

*Caputo, Hess, Brennan, Brosnan & Louisell, P.C.* (by *John F. Brennan*), for the plaintiff.

*Morrice, Lengemann & Zimmerman, P.C.* (by *Marilyn J. Zimmerman*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals as of right a circuit court order modifying a 1978 judgment of divorce and requiring plaintiff to pay child support until the June following the twenty-first birthday of the parties' minor child. We reverse.

The parties were divorced in 1978. The divorce judgment contained the following provision regarding child support:

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff herein, Ricky James Blakley, shall pay to the Lapeer County Friend of the Court the sum of $40.00 per week, through the office of the Friend of the Court for the support and maintenance of the minor child until the child shall attain the age of eighteen (18) years, or graduates from high school, whichever occurs last, or until the further order of this court.

Both parties and their attorneys signed the judg-

ment, indicating their approval "as to form and content." Both parties signed their initials in the margin beside the child support provision.

In 1982, the judgment was modified to increase the amount of support, but the provision concerning the duration of child support remained intact.

The parties' daughter, Sarah, was born in 1973 with Down's syndrome. Following the divorce, defendant-mother moved to New Jersey, where she enrolled Sarah in publicly supported special education facilities. Under New Jersey law, Sarah was entitled to attend such facilities until the June following her twenty-first birthday, in this case, June 1995.

In 1992, defendant petitioned the Lapeer County friend of the court for an income review. The friend of the court's recommendation increased child support and incorporated language from a newly enacted statutory provision limiting postmajority child support to the age of nineteen years and six months. Defendant objected to that limitation. The circuit court removed the limitation and ordered payment of child support until Sarah's twenty-first birthday or until she finished high school, whichever occurred first. The court reasoned that, under law applicable to modifying child support orders in 1978 and 1982, Sarah's continuation of high school studies after her eighteenth birthday constituted an "exceptional circumstance" warranting continued child support beyond the age of majority. See GCR 1963, 729.2(1); 1954 PA 2 (former MCL 552.17a; MSA 25.97[1]); *Paaso v Paaso,* 170 Mich App 628; 428 NW2d 724 (1988).

In 1989, the Supreme Court issued its opinion in *Smith v Smith,* 433 Mich 606; 447 NW2d 715 (1989), which addressed whether the Age of Majority Act, MCL 722.51 *et seq.*; MSA 25.244(51) *et*

*seq.*, enacted in 1971, nullified the "exceptional circumstances" language in GCR 1963, 729.2 and former MCL 554.17a; MSA 25.97(1) and thereby prohibited child support beyond a minor's eighteenth birthday. The *Smith* Court held that it did.

In 1990, the Legislature effectively overruled *Smith* by amending the Age of Majority Act to allow for postmajority support for high school students, but only up to nineteen years and six months of age. MCL 552.16a(2); MSA 25.96(1)(2). The amendment added MCL 552.16a(4); MSA 25.96(1)(4), which provided that, notwithstanding the age limitation in MCL 552.16a(2); MSA 25.96(1)(2), any judgment or order providing for child support after the child attains eighteen years of age is valid and enforceable if at least one of four conditions is met:

> (a) The provision is contained in the judgment or order by agreement of the parties as stated in the judgment or order.
> (b) The provision is contained in the judgment or order by agreement of the parties as evidenced by the approval of the substance of the judgment or order by the parties or their attorneys.
> (c) The provision is contained in the judgment or order by written agreement signed by the parties.
> (d) The provision is contained in the judgment or order by oral agreement of the parties as stated on the record by the parties or their attorneys.

The circuit court found that at least three of these conditions applied. We disagree. Regardless of the parties' approval of the substance of the 1978 judgment, MCL 552.16a(4); MSA 25.96(1)(4) contemplates the existence of an agreement or of a "meeting of the minds." Here, there is no evidence that plaintiff was given a choice between the minimum amount of required support and voluntary

support beyond the minimum. Under these circumstances, his signature of approval of the form and substance of the judgment does not evidence a conscious agreement on his part to pay support beyond the minimum required by law. Without some evidence of agreement, MCL 552.16a(4); MSA 25.96(1)(4) does not apply. We decline to adopt the dissent's position that the "plain meaning" of the word "agreement" in the statute imparts a willing and immutable acquiescence to a ministerial "consent" endorsement that was mandated by controlling precedent later overruled. A forced choice is no choice at all.

The circuit court erred in requiring plaintiff to pay child support beyond age nineteen-and-a-half.

Reversed.

McDONALD, J., concurred.

GRIFFIN, J. *(dissenting)*. I respectfully dissent. The divorce judgment at issue was prepared by plaintiff's attorney and was approved "as to form and *content*" by plaintiff. Further, the support provision for his handicapped child that plaintiff now appeals was initialed by plaintiff. I would affirm the decision of the lower court on the ground that the child support provision is valid and enforceable pursuant to MCL 552.16a(4)(b); MSA 25.96(1)(4)(b).

It is a basic rule of statutory construction that "where the [statutory] language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written." *Gebhardt v O'Rourke,* 444 Mich 535, 541-542; 510 NW2d 900 (1994); *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). The language of MCL 552.16a(4)(b); MSA 25.96(1)(4)(b) is plain and unambiguous:

[A] provision contained in a judgment or an order entered under this act before, on, and after the effective date of this section that provides for the support of a child after the child reaches 18 years of age is valid and enforceable if 1 or more of the following apply:

* * *

(b) The provision is contained in the judgment or order by agreement of the parties *as evidenced* by the approval of the substance of the judgment or order by the parties or their attorneys. [Emphasis added.]

Despite the clear dictates of the statute, the majority holds that approval of the substance of a judgment by a party is insufficient evidence of an agreement to provide support. The majority believes that the statute "contemplates" further proofs of the agreement and of the parties' state of mind. No authority is cited for this proposition. Under today's ruling, a party who approved a child support provision relative to substance is not bound by the judgment unless his adversary can prove a "conscious agreement" to the terms of the child support provision. In most instances, an evidentiary hearing would be required to make a factual finding regarding a party's intent and motivation in approving a child support provision.

In my view, the majority has either ignored or misread the plain wording of the statute. Approval of the substance of a judgment is itself proof of an agreement for support. The statute requires nothing more.

I would affirm.